Derek Newman, State Bar No. 190467
derek@newmanlaw.com
Sophy Tabandeh, State Bar No. 287583
sophy@newmanlaw.com
NEWMAN DU WORS LLP
100 Wilshire Boulevard, Suite 940
Santa Monica, CA 90401
Telephone: (310) 359-8200
Facsimile: (310) 359-8190

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| JENNIFER RONDINELLI REILLY, an individual, <br><br> Plaintiff, <br><br> v. <br><br> TWITTER, INC., a Delaware Corporation; and DOES 1-5, <br><br> Defendant. | Case No. 2:16-cv-200 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

JENNIFER RONDINELLI REILLY, ("Reilly" or "Plaintiff") hereby alleges for her complaint against TWITTER, INC. ("Twitter") and DOES 1-5 (collectively, "Defendants") upon personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

## I.     JURISDICTION AND VENUE

1. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a claim for copyright infringement arising under the Copyright Act for the United States, 17 U.S.C. § 101, et seq.

2. This Court has personal jurisdiction over Twitter because it conducts substantial business in the State of California and in this judicial district.

3. The claims alleged in this Complaint arise in the State of California and the Central District of California and elsewhere.

4. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1-3).

## II.     PARTIES

5. Plaintiff is an individual and resident of Wisconsin.

6. Upon information and belief, Twitter is a Delaware corporation with its headquarters and principal business address at 795 Folsom St., Suite 600, San Francisco California 94107.

7. Plaintiff doesn't know the true names of defendants named in this complaint as Does 1 through 5 and therefore sues those defendants by such fictitious names. Plaintiff will amend the complaint to include the true names of the Doe Defendants and allege facts supporting their liability when Plaintiff learns them through discovery. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the acts and omissions that give rise to Plaintiff's injuries, and that the Doe Defendants proximately caused Plaintiff's injuries.

## III.   FACTS

**A.   Reilly created copyrightable photographs and registered them with the U.S. Copyright Office.**

8.   Reilly is a fine art photographer whose work has been published. She owns all rights to an image of red lips and a microphone which was displayed without her permission on Twitter (the "Infringing Image").

9.   Reilly's business is based on licensing and selling photographs she creates. Reilly also sells merchandise which include her images.

10.   Reilly registered the Infringing Image with the U.S. Copyright Office and has Copyright Registration No. # VA-1-891-496, date registered November 19, 2013. Reilley's copyright registration is attached as Exhibit A.

**B.   Twitter users copied and displayed the Infringing Image without license or permission from Reilly.**

11.   Twitter operates an Internet-based service that allows its users to send 140-character messages through Twitter's website and mobile site, client applications, or third-party applications. Twitter calls its 140-character messages "Tweets". Tweets can contain a link to a video or image that is either hosted on Twitter's servers, or on third-party servers. Twitter has thousands or hundreds of thousands of users in this District, including individuals, corporations, and government entities. Thousands or hundreds of thousands of Tweets are sent to and from this District every month. Twitter obtains substantial revenue from this District.

12.   Twitter users copied the Infringing Image multiple times without license or permission from Reilly and sent one or more Tweets publicizing and linking to it (the "Infringing Uses"). The Infringing Uses were hosted either on Twitter or on third-party servers. Copies of the Infringing Uses are attached as Exhibit B.

**C. Twitter failed to remove the Infringing Uses despite notice from Reilly.**

13. On information and belief, Twitter can remove each Infringing Use that is hosted on Twitter. Twitter can also disable each Tweet advertising or linking to an Infringing Use, regardless of whether the photograph is hosted on Twitter's servers or on the Twitter user's or third-party servers.

14. Twitter has registered an agent with the United States Copyright Office for receipt of Digital Millennium Copyright Act ("DMCA") notices.

15. On November 18, 2015, Reilly sent 28 notices to Twitter regarding the Infringing Uses. Reilly's notices are attached as Exhibit C.

16. Reilly never authorized the Infringing Uses.

17. Twitter has not removed or disabled access to 50 of the 56 Infringing Uses.

## IV. CAUSE OF ACTION
### DIRECT OR IN THE ALTERNATIVE CONTRIBUTORY COPYRIGHT INFRINGEMENT

18. Reilly hereby incorporates Paragraphs 1-17 by reference.

19. Reilly is, and at all relevant times has been, the owner of the copyright in the Infringing Image.

20. The Infringing Image is copyrightable subject matter under 17 U.S.C. § 102(a)(5).

21. Reilly has complied in all respects with the provisions of the Copyright Act and all regulations thereunder.

22. Reilly registered the copyright in the Infringing Image with the United States Copyright Office.

23. Reilly has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce the Infringing Image, (2) prepare derivative works based on the Infringing Image, (3) distribute copies of the Infringing Image, and (4) display the Infringing Image publicly.

24. Without the permission or consent of Reilly, the Infringing Image was

reproduced, derivative works were made from it, copies were distributed of it, and it was displayed on Twitter.

25. Reilly's exclusive rights in the Infringing Image were violated.

26. Twitter induced, caused, or materially contributed to the Infringing Uses.

27. Twitter had actual knowledge of the Infringing Uses. Reilly provided notice to Twitter in compliance with the DMCA, and Twitter failed to expeditiously disable access to or remove the Infringing Uses.

28. Twitter acted willfully.

29. Alternatively, Twitter directly infringed Reilly's copyrights by continuing to allow public access to the Infringing Uses on Twitter's server or on servers controlled by Twitter, or through access controlled by Twitter to servers controlled by third parties.

## VI. RELIEF REQUESTED

WHEREFORE, Reilly asks this Court to enter judgment against Twitter and Twitter's subsidiaries, affiliates, agents, employees, and all persons acting in concert or participation with them, granting the following relief:

1. Temporary and permanent injunctions preventing and restraining infringement of the Infringing Image by Twitter under 17 U.S.C. § 502;

2. An order requiring the destruction of all copies made by or under the control of Twitter of the Infringing Image and all articles by which such copies may be reproduced under 17 U.S.C. § 503;

3. An award of the actual damages suffered by Reilly as the result of Twitter's infringement plus the profits of Twitter attributable to the infringement under 17 U.S.C. § 504(b);

4. Alternatively, if Reilly so elects, an award of statutory damages for each infringement under 17 U.S.C. § 504;

5. A judgment that Twitter's infringement was willful and an increased statutory damage award under 17 U.S.C. § 504(c)(2);

6. An award of Plaintiff's full costs including a reasonable attorney's fee under 17 U.S.C. § 505; and

7. For such other and further relief as may be just and proper under the circumstances.

Dated this 11th day of January, 2016.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: *Sophy Tabandeh*
Sophy Tabandeh, State Bar No. 287583
Derek Newman, State Bar No. 190467

Attorneys for Plaintiff
JENNIFER RONDINELLI REILLY

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff Jennifer Rondinelli Reilly demands a trial by jury of all issues presented in this complaint which are triable by jury.

Dated this 11th day of January, 2016.

                                                   Respectfully Submitted,
                                                 **NEWMAN DU WORS LLP**

By: *Sophy Tabandeh* (signature)
Sophy Tabandeh, State Bar No. 287583
Derek Newman, State Bar No. 190467

Attorneys for Plaintiff
JENNIFER RONDINELLI REILLY